UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ROBERT WHITAKER,<br><br>    Plaintiff,<br><br>V.<br><br>PITTER A. MANN, KNIGHT RUSH ENTERPRISE, & PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>    Defendants. | CIVIL ACTION NO. 5:16-156-KKC<br><br><br>OPINION & ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Robert Whitaker's motion for default judgment against defendants Pitter Mann and Knight Rush Enterprise. (DE 13). For the following reasons, Plaintiff's motion will be denied.

Federal Rule of Civil Procedure 55 governs default and default judgment. Before a party can obtain a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). In other words, the entry of a default is a prerequisite to the entry of a default judgment. Fed. R. Civ. P. 55(b)(1). Accordingly, the Motion for Default Judgment (DE 13) will be DENIED. Whitaker is instructed to seek an entry of default from the Clerk before filing a motion for default judgment pursuant to Rule 55.

Aside from Whitaker's premature motion for default judgment, there remains a question as to whether this Court has subject matter jurisdiction over this case. A precondition to entering default is that the district court must enjoy both subject matter jurisdiction and personal jurisdiction (or in rem/quasi in rem jurisdiction). *See Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F. Supp. 2d 721, 729 (E.D. Mich. 2010) (where a "Court is without subject matter jurisdiction over the case, [ ] its actions while the case was pending

1

are a nullity.") (citing *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1087 (6th Cir.1992) (where the Court did not have diversity jurisdiction over the case, all actions in the district court were void)); *Evans v. Larchmont Baptist Church Infant Care Ctr., Inc.*, 956 F. Supp. 2d 695, 702 (E.D. Va. 2013).

In his complaint, Whitaker alleges that this Court has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332. (Compl. ¶ 7). Under 28 U.S.C. § 1332, the Court has jurisdiction to hear causes of action where the matter in controversy exceeds $75,000 and is, among others, between citizens of different states or between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(1)-(2). To invoke jurisdiction, there must be "complete diversity" between the parties, meaning that no plaintiff may be a citizen of the same state of which any defendant is a citizen. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011).

Whitaker resides in Kentucky. (Compl. ¶ 1). He alleges that Pitter Mann and Knight Rush Enterprise are citizens of Canada. (Compl. ¶ 2–3). According to the address he provided the Court for service of process, he alleges that defendant Progressive Casualty Insurance Company is licensed to do business in Kentucky. (Compl. ¶ 4). As it stands, Whitaker fails to establish diversity jurisdiction under 28 U.S.C. § 1332 for two reasons.

First, Whitaker has failed to allege the necessary jurisdictional facts of Progressive's respective states of citizenship and has not complied with 28 U.S.C. § 1332(c)(1). The diversity of citizenship statute provides that a corporation is a dual citizen of the state of incorporation and the state where the corporation maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Whitaker does not allege Progressive's state of incorporation or where it maintains its principal place of business. In alleging that diversity exists because Progressive is licensed to do business in Kentucky, Whitaker has apparently conflated 28 U.S.C. § 1332(c), which governs the citizenship of corporations for purposes of diversity of citizenship, with 28 U.S.C. § 1391(c), which governs venue. The two do not necessarily coincide.

Second, the rule of "complete diversity" has not been adequately satisfied here even assuming that Whitaker did allege Progressive's state of incorporation and its principal place of business. The only information provided to the Court places Progressive's in Kentucky. This would destroy "complete diversity" because it would position Whitaker and Progressive, both alleged to be from Kentucky, across the "v" from one another. *See* § 1332(c)(1).

The Court will permit Whitaker the opportunity to cure the defect by allowing him to file a supplemental amendment to the complaint that adequately establishes the necessary jurisdictional facts. *See* 28 U.S.C. § 1653. Absent the filing of the supplemental amendment to the complaint within seven (7) days of the entry of this Order, this action will be dismissed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for default judgment (DE 13) as to defendants Pitter Mann and Knight Rush Enterprise is **DENIED WITHOUT PREJUDICE**.

2. Pursuant to 28 U.S.C. § 1653, Plaintiff shall **FILE** a supplemental amendment to the Complaint within seven (7) days of the date of this Order properly setting forth Progressive Casualty Insurance Company's state of incorporation and principal place of business.

Dated January 9, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3